IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| DISABILITY RIGHTS TEXAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:22-cv-226 |
| | § | |
| DONNA INDEPENENT | § | |
| SCHOOL DISTRICT and | § | |
| ANGELA DOMINGUEZ, IN HER | § | |
| OFFICIAL CAPACITY AS THE | § | |
| SUPERINTENDENT, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT**

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Disability Rights Texas respectfully files this Original Complaint for declaratory and injunctive relief and would show:

## I.   PRELIMINARY STATEMENT

1.   Disability Rights Texas ("DRTx") has received multiple complaints of possible abuse and/or neglect by school staff of children with disabilities who were students in Donna Independent School District during the 2021-2022 school year.

2.   DRTx, as Texas' designated protection and advocacy system, received a complaint of alleged abuse and or neglect, and in accordance with its statutory obligations, sought to investigate the circumstances of the complaints pursuant to the Protection and Advocacy for Individuals with Mental Illness Act ("PAIMI"), 42 U.S.C. § 10801, *et seq*.; the Developmental Disabilities Assistance and Bill of Rights Act ("PADD"), 42 U.S.C. §§ 15001, *et seq*.; and the

Protection and Advocacy for Individual Rights Act ("PAIR"), 29 U.S.C. § 794e(a). These three laws are hereinafter collectively referred to as the "P&A Acts".

3.      In accordance with these federal mandates, DRTx has the authority to access all records of individuals with disabilities when the individual or individual's guardian has given DRTx authority to do so. These "records" include school records as well as investigation records relating to the alleged abuse. Pursuant to its authority, DRTx has made repeated requests to Defendants for records relating to five children who were served in a special education class whose instructors are alleged to have illegally restrained multiple children. Defendants, however, have refused to provide DRTx with the requested records.

4.      DRTx seeks declaratory, preliminary, and permanent injunctive relief to prevent the Defendants from failing to provide DRTx with timely access to the records of the individuals with disabilities, as required by the P&A Acts, and to prohibit Defendants from denying DRTx future access to such records.

## II.      JURISDICTION

5.      This action is authorized by 42 U.S.C. § 1983 to redress the deprivation under color of law rights guaranteed by the P&A Acts, 42 U.S.C. § 10801, *et seq*., 42 U.S.C. §§ 15001, *et seq.,* and 29 U.S.C. § 794e(a). This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331.

6.      This Court has authority to grant Plaintiff's claims for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201-02, and Rules 57 and 65 of the Federal Rules of Civil Procedure.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). Defendants reside in this district, and the events or omissions complained of herein occurred in this district.

### III.   PARTIES

8.      Plaintiff Disability Rights Texas is a non-profit Texas corporation authorized by Congressional mandate to protect and advocate for the civil rights of persons with disabilities. DRTx was and is designated by the State of Texas to perform this Congressional mandate pursuant to the PADD Act, 42 U.S.C. §§ 15001-03, and the PAIMI Act, 42 U.S.C. §§ 10802-03. DRTx spends considerable time and resources monitoring public schools and investigating the abuse and neglect of the rights of students with disabilities. DRTx's main office is located at 2222 West Braker Lane, Austin, Travis County, Texas 78758.

9.      Defendant Donna Independent School District is a school district located in Hidalgo County, Texas, and established pursuant to the Constitution of the State of Texas and the Texas Education Code. DISD is responsible for the operation of all the public schools within its boundaries and for implementing the state's system of public education and ensuring student performance in accordance with the Texas Education Code and its implementing regulations. Defendant DISD can be served with a copy of this complaint by serving the President of the Board of Trustees, David De Los Rios, at 904 Hester Avenue, Donna, Texas 78537.

10.     Angela Dominguez is sued in her official capacity as Superintendent of DISD and serves as the educational leader and the chief executive officer of the school district. She is responsible for "assuming administrative responsibility and leadership for the planning, organization, operation, supervision, and evaluation of the education programs, services, and facilities of the district", responsibility and authority over the DISD police department, and is responsible for ensuring the implementation of district policies. Tex. Ed. Code § 11.201(d)(1); Tex. Ed. Code § 37.081(f); Tex. Ed. Code § 11.1512(a). Defendant Dominguez can be served with

a copy of this complaint at her place of business located at 904 Hester Avenue, Donna, Texas 78537.

11.     Wherever Plaintiff uses the word "Defendants" in this petition, it means Defendants, their agents, employees, successors, and all persons acting in concert with them or at their direction.

## IV.     FACTS

12.     DRTx has received complaints that numerous students with disabilities, ranging in ages from 3 to 5, were being abused and/or neglected, including being inappropriately placed in restraints and denied the behavior supports and services that are required pursuant to the students' educational plans while placed in a special education class at Rivas Elementary, DISD.

13.     Each of the children here has been identified as an individual with Autism, and the child's disability results in substantial functional limitations in three or more areas of a major life activity, to include self-care, receptive and expressive language, learning, and self-direction. Thus, these children are persons with a developmental disability. 42 U.S.C. § 15001(8)(A).

14.     In accordance with its statutory mandate, DRTx opened an investigation and obtained consent from the parents of five students to access necessary records to conduct an investigation, which includes school records.

15.     DRTx's mandate comes from Congress's enactment of the P&A Acts after extensive congressional investigations found that existing state systems for monitoring compliance with respect to the abuse and neglect of persons with disabilities vary widely and are frequently inadequate to protect these individuals. To ensure that the fox was no longer guarding the henhouse, Congress mandated that each state have a "protection and advocacy system" designed to have independent access to institutions and records in order to detect and prevent abuse and

neglect. Because the State of Texas receives federal funds under the P&A Acts, it is required to designate a system that is designed to protect and advocate the rights of individuals with disabilities and to investigate incidents of abuse and neglect of individuals with disabilities. *See* 42 U.S.C. § 10801, *et seq.*; 42 U.S.C. § 15001, *et seq.* DRTx has been designated by the State of Texas to be that system.

16.     The P&A Acts mandate that DRTx have access to all records of an individual with a developmental disability whose guardian has authorized DRTx to have such access. 42 U.S.C. § 15043(a)(2)(I); 45 C.F.R. § 1326.25(a)(1).

17.     The PADD Act and its implementing regulations define the term "records" to include "reports prepared by a . . . agency . . . charged with investigating incidents of abuse or neglect . . ." 42 U.S.C. § 15043(c)(2); 45 C.F.R. § 1326.25(b)(2). "The organizations whose reports are subject to this requirement include, but are not limited to . . . public and private educational systems, emergency shelters, criminal and civil law enforcement agencies such as police departments . . . ." 45 C.F.R. § 1326.25(b)(2). The information should include the investigation report and "[t]he steps taken to investigate the incidents," any "supporting information that was relied upon . . . including all information and records that describe persons who were interviewed, physical and documentary evidence that was reviewed, and the related investigative findings." *Id*.

18.     The PADD Act and its implementing regulations further define records to include "[i]ndividual records prepared by or received in the course of providing intake, assessment, evaluation, education, training and other services. . .. 42 U.S.C. § 15043(c)(1); 45 C.F.R. § 1326.25(b)(1). The regulations further state that P&As are entitled to these records "whether written or in another medium, draft or final, including handwritten notes, electronic files, photographs or video or audio tape records." 45 C.F.R. § 1326.25(a).

19.     On May 10, 2022, in furtherance of its investigation and pursuant to its protection and advocacy authority, DRTx requested records from DISD relating to three students, R.A.R., A.G.S., and D.J.L., all children with developmental disabilities. Releases from the parents of each child were included with the request.

20.     The request asked for records, including, but not limited to: the students' individual education records; any and all records relating to investigations of the alleged incidents of abuse, including by the DISD's police department; and any communication with the Texas Education Agency or other third parties relating to the allegations of abuse and/or neglect. The request asked for written documentation as well as electronic files and video or audio tape records. The request noted that although the P&A Acts require that records be produced not later than three days after the request, DRTx would allow DISD 14 calendar days to produce the information.

21.     On May 23, 2022, a second request for records was sent for two additional students, I.A.G. and R.H. DRTx received a complaint that both children were alleged to have been abused and/or neglected, have developmental disabilities, and the respective parents had signed releases for DRTx to receive the requested information.

22.     On June 3, 2022, DRTx reiterated the requests for records and further stated that the request was being made pursuant to the Texas Public Information Act, which requires production of the requested records or a request for an opinion of the Texas Attorney General within ten days of receipt of the request.

23.     On June 23, 2022, DRTx again reiterated the requests for records and informed DISD that it would file a lawsuit if the records were not received by July 11, 2022.

24.     As of July 15, 2022, DISD has not provided any records to DRTx. Furthermore, DISD has not responded to any of the communications from DRTx.

25.     Defendants' failure to release the requested records violates DRTx's federal authority and unduly limits, impairs, and impedes DRTx's ability to complete its statutorily authorized investigation into possible abuse and/or neglect of the five children with disabilities, or fulfill its mandate to protect individuals with developmental disabilities.

## V.     CAUSES OF ACTION – VIOLATION OF THE P&A ACTS

26.     Plaintiff DRTx restates and incorporates by reference each of the allegations contained in paragraphs 1 through 26, above.

27.     The Civil Rights Act of 1871, 42 U.S.C. § 1983, provides relief for persons who, under color of state law, have been deprived of any rights, privileges, or immunities secured under the U.S. Constitution or federal law.

28.     DRTx's federal mandate specifically grants DRTx the express authority to access "all records of any individual who is a client of the system if such individual, or the legal guardian, conservator, or other legal representative of such individual, has authorized the system to have such access." 42 U.S.C. § 10805(a)(4)(A); *see also* 42 U.S.C. § 15043(a)(2)(I)(i), (J); 29 U.S.C. § 794e(f)(2).

29.     The parents of all five children have authorized DRTx to have access to the requested records, and releases signed by the parents have been provided to the Defendants.

30.     DRTx requested educational and incident records relating to alleged abuse and/or abuse, including the use of illegal restraints, by the staff of the DISD, the exact type of information identified in the P&A Acts, and regulations as records that are required to be disclosed to DRTx.

31.     Defendants, acting under color of law, refused to provide DRTx with the records which violate the rights of Plaintiff, as guaranteed by the P&A Acts, to meaningful and timely access to records of the students with developmental disabilities. Defendants' policy and actions,

unless enjoined, will violate DRTx's right to that information for each of the five children, and in

the event of future incidents of abuse or neglect in Donna ISD schools and facilities, preventing

DRTx from being able to complete a thorough investigation into the possible abuse or neglect of

these children and other students with disabilities.

## VI.   PRAYER

WHEREFORE, Plaintiff DRTx respectfully prays that this Court:

(a) Issue a preliminary injunction enjoying the Defendants, their agents, or employees from denying DRTx immediate access to any and all records pertaining to R.A.R., A.G.S., D.J.L., I.A.G., and R.H.;

(b) After trial on the merits enter a permanent injunction enjoining the Defendants, their agents, or employees from denying DRTx immediate access to any and all records pertaining to R.A.R., A.G.S., D.J.L., I.A.G., and R.H.;

(c) Issue a permanent injunction against Defendants and their successors to prevent Defendants and their successors from denying all future records requests by Plaintiff DRTx concerning individuals with disabilities receiving educational services in DISD;

(d) Issue a declaratory judgment that Defendants' policies, regulations, and practices of continuing to deny DRTx full, complete, meaningful, and timely access to DISD records violated and continues to violate the P&A Acts;

(e) Award Plaintiff DRTx its reasonable and necessary attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

(f) Award Plaintiff any other relief that the Court deems just and equitable.


Respectfully submitted,


BETH L. MITCHELL
Attorney-in-Charge
State Bar No. 00784613
Southern District of Texas Bar No. 29054
bmitchell@drtx.org
Disability Rights Texas
2222 W. Braker Lane
Austin, Texas 78758
(512) 454-4816

(512) 454-3999 (Fax)

77L. KYM DAVIS ROGERS
State Bar No. 0079642
Southern District of Texas Bar No. 3640648
krogers@drtx.org
Disability Rights Texas
1420 W. Mockingbird, Suite 450
Dallas, Texas 77004
(214) 845-4045
(214) 630-3472 (Fax)

ATTORNEYS FOR PLAINTIFF

## VERIFICATION

I, L. Kym Davis Rogers, declare:

1. I am a litigation attorney employed by Disability Rights Texas.

2. I verify that the facts stated in the foregoing Original Verified Complaint for and on behalf of Disability Rights Texas have been assembled by authorized employees and attorneys for Disability Rights Texas and that the allegations therein are true and correct to the best of my knowledge, information, and belief.

3. I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 15, 2022.

L. KYM DAVIS ROGERS
State Bar No. 0079642
Southern District of Texas Bar No. 3640648
krogers@drtx.org
Disability Rights Texas
1420 W. Mockingbird, Suite 450
Dallas, Texas 77004
(214) 845-4045
(214) 630-3472 (Fax)